FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 4 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

THIS IS A CAPITAL CASE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

IN RE LATAVIOUS JOHNSON,    Case No. 4:17-mc-15-BSM

**APPLICATION FOR APPOINTMENT OF FEDERAL HABEAS CORPUS COUNSEL
UNDER 18 U.S.C. § 3599 (a)(2)**

Undersigned counsel moves for the appointment of federal habeas corpus counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a)(2) Latavious Johnson, an indigent, death-sentenced prisoner. In support of this Motion, counsel states the following:

1. Latavious Johnson, Prisoner No. SK-000979, is in the custody of the Arkansas Department of Corrections at the Varner Supermax at Grady, Arkansas under a sentence of death.

2. Mr. Johnson was charged by a felony information for a crime that occurred on January 20, 2012. Following a jury trial in Lee County, Arkansas, Mr. Johnson was convicted of one count of capital murder and sentenced to death. Mr. Johnson's conviction was affirmed by the Arkansas Supreme Court on direct appeal. *Johnson v. State*, 489 S.W.3d 668 (Ark. 2015).

3. Mr. Johnson then sought relief under Arkansas Rule of Criminal Procedure 37.5. The circuit court is set to hear Mr. Johnson's petition in November 2017.

4. Mr. Johnson is indigent and currently unrepresented by federally appointed counsel, and has never been afforded any federal review of his conviction and death sentence. Mr. Johnson wishes to file a petition for a writ of habeas corpus at the appropriate time, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences.

Appointment of counsel is mandatory under the Criminal Justice Act Plan adopted by this Court July 19, 2012. Part IV Provisions of Representation §A9.

**Federal Appointment is Appropriate Even Though Mr. Johnson May Have Additional State Post-Conviction Remedies Available to Him.**

5. The Committee on Defender Services of the United States Judicial Conference (the "Committee") has approved and encouraged Capital Habeas Unit counsel to seek federal appointment during direct appeal or post-conviction proceedings even though a petitioner such as Mr. Johnson may have state court post-conviction remedies also available to him. This Court has made appointments under similar circumstances. Order *In Re Robert Holland*, United States District Court for the Eastern District of Arkansas, Case Number 4:16-MC-10-JM; Order of Appointment, *In Re Jerry Lard*, United States District Court for the Eastern District of Arkansas, Case Number 4:14-mc-008JLH. Other federal district courts have made appointments of habeas counsel under precisely these circumstances. *See also Flor v. Wetzel*, Order 11-cv-3225 (Doc. 5, E.D.PA. 2011); *Laird v. Wetzel*, Order, 11-cv-1916 (Doc. 5, E.D.PA. 2011); *Bond v. Wetzel*, Order 11-cv-1475 (Doc. 8, E.D.PA. 2011).

6. As part of its long-range planning for the Federal Defender Services program, the Committee approved its "Outline of the Defender Services Program Strategic Plan" ("Strategic Plan Outline"). The Strategic Plan Outline, which was first approved by the Committee in December 2000, articulates the program's mission, goals, strategies to achieve them, and related performance measures. The mission and goals of the Committee are to ensure that the right to counsel guaranteed by the Sixth Amendment, the Criminal Justice Act (18 U.S.C. § 3006A), and other congressional mandates is enforced on behalf of those who cannot afford to retain counsel and other necessary defense services.

7. In June of 2008, to meet its mission statement, the Committee approved the Timely Appointment Strategy as "Goal 1" and "Goal 2". These goals are strategies for achieving timely appointments and high-quality representation for clients in capital habeas cases and to ensure compliance with the statute of limitations found in Title 28 U.S.C. § 2244(d).

8. Undersigned counsel possess special expertise in capital jurisprudence and meets the qualification standards for the appointment of such counsel as set forth in 18 U.S.C. §3599 (a)(2) and section F of the Criminal Justice Act Plan adopted by this Court.

9. The Office of the Federal Defender for the Eastern District of Arkansas is recognized by this Court as the organization to be appointed in capital habeas corpus cases under the Criminal Justice Act plan adopted by this Court. 18 U.S.C. § 3006A. That plan states that counsel should be appointed by this Court "when the court determines that they will provide the most effective representation." CJA Plan § F(1). Appointment now is in the best interest of Mr. Johnson due to the one year statute of limitations set forth in 28 U.S.C. §2244(d).

10. Mr. Johnson has been determined indigent throughout all of his state criminal proceedings. Mr. Johnson has completed an Application to Proceed Without Prepayment of Fees and an Affidavit attesting to his indigence which accompanies this Motion.

3

**WHEREFORE**, counsel moves this Honorable Court, pursuant to *McFarland* and 18 U.S.C. § 3599(a)(2), to appoint the Federal Public Defender for the Eastern District of Arkansas to represent Latavious Johnson in this proceeding under 28 U.S.C. § 2254 and all ancillary matters as contemplated by the Criminal Justice Act Plan adopted by this Court and § 3599.

        Respectfully submitted,

        JENNIFFER HORAN
        FEDERAL DEFENDER

        _____
        Scott W. Braden
        Assistant Federal Public Defender
        Chief Capital Habeas Unit
        Ark Bar Number 2007123
        1401 W. Capitol Suite 490
        Little Rock, AR 72201
        Phone: (501) 324-6114
        E-mail: Scott_Braden@fd.org

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

Latavious Johnson )
*Plaintiff/Petitioner* )
v. ) Civil Action No.
)
*Defendant/Respondent* )

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: __Varner Unit__ .
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:


My gross pay or wages are: $ __0__ , and my take-home pay or wages are: $ __0__ per
*(specify pay period)* __0__ .

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply):*

| | | |
|---|---|---|
| (a) Business, profession, or other self-employment | ☐ Yes | ☒ No |
| (b) Rent payments, interest, or dividends | ☐ Yes | ☒ No |
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☒ No |
| (d) Disability, or worker's compensation payments | ☐ Yes | ☒ No |
| (e) Gifts, or inheritances | ☐ Yes | ☒ No |
| (f) Any other sources | ☐ Yes | ☒ No |

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ 0 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*: 0

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*: 0

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support: 0

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*: 0

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: 8-2-17

Latavious Johnson
*Applicant's signature*

Latavious Johnson
*Printed name*

| | | |
|---|---|---|
| AR DOC<br>REPORT NO. IBSR146 - 35 | CALCULATION OF INITIAL PAYMENT OF<br>FILING FEE<br>FROM: 2/5/2017 TO: 08/04/2017 | PAGE: 1 of 1<br>PROCESSED: 08/04/2017 08:18 AM<br>REQUESTOR: Pamela A Gilley |

(To be Completed by the Institution of Incarceration)

**PLAINTIFF:** Latavious Johnson

**ADC NUMBER:** 000979

**FEDERAL COURT CASE NUMBER (IF KNOWN):** _____

| | |
|---|---|
| **TOTAL DEPOSITS FOR LAST (6) MONTHS:** | $255.00 |
| **AVERAGE MONTHLY DEPOSIT: (TOTAL DEPOSITS DIVIDED BY 6)** | $42.50 |
| **TOTAL BALANCES FOR LAST SIX (6) MONTHS:** | $100.91 |
| **AVERAGE MONTHLY BALANCE (TOTAL BALANCES DIVIDED BY 6):** | $16.82 |
| **CURRENT ACCOUNT BALANCE:** | $0.00 |
| **INITIAL PAYMENT OF FILING FEE AS OF:** 08/04/2017 | $8.50 |

(THE GREATER OF THE AVERAGE MONTHLY DEPOSIT OR THE AVERAGE MONTHLY BALANCE x .20)

DATE: 8-4-2017          AUTHORIZED OFFICIAL: _Pamela Gilley_ (signature)

(NO FILING FEE SHALL BE IN EXCESS OF $400
FOR A CIVIL LAWSUIT OR $505 FOR AN APPEAL)

# CERTIFICATE
(Prisoner Accounts Only)
(To be Completed by the Institution of Incarceration)

I certify that the applicant named herein has the sum of $ 0.00 on account to his/her credit at the Varner institution where he is confined.

I further certify that the applicant likewise has the following securities to his/her credit according to the records of said institution: None to my Knowledge

I further certify that during the past six months the applicant's average balance was $ 16.82.

8-4-2017
Date

Pamela Hilley
Signature of Authorized Officer of Institution